**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**KEVIN AND DIANA PEKAREK,**

**Plaintiffs,**

**v.** **Case No. 06-1026-WEB**

**SUNBEAM PRODUCTS,**

**Defendant.**

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiffs' motion to amend their complaint. (Doc. 20.) Defendant opposes the motion. For the reasons set forth below, the motion shall be GRANTED IN PART and DENIED IN PART.

**Background**

This is a product liability action for property damage caused by a fire. Highly summarized, plaintiffs allege that they purchased a Sunbeam electric blanket in December 2003 and, on January 25, 2004, the electric blanket failed and caused extensive fire damage to their home. As alleged in the initial complaint, the liability theories include: (1) negligence, (2) breach of express and implied warranties, (3) the doctrine of *res ipsa loquitur*, and (4) violation of the Kansas Consumer Protection Act. As noted above, plaintiffs now

seek leave to amend their complaint. Specifically, plaintiffs seek to add claims for (1) breach of contract, (2) breach of a contractual duty of good faith and fair dealing, and (3) punitive damages. Defendant opposes the motion to amend, arguing that the addition of these three claims would be an exercise in futility. The parties' arguments are discussed in greater detail below.

**Analysis**

The standard for permitting plaintiffs to amend their complaint is well established. Without an opposing party's consent, a party may amend its pleading only by leave of the court. Fed. R. Civ. P. 15(a).[1] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). However, although "[l]iberality in amendment is important to assure a party a fair opportunity to present his claims and defenses ... 'equal attention should be given to the proposition that there must be an end finally to a particular litigation.'" Pallottino v. City of

---

1

Plaintiff may amend its complaint once as a matter of right before defendant files a responsive pleading. Fed. R. Civ. P. 15(a). This matter is well beyond the time for a permissive amendment.

Rio Rancho, 31 F. 3d 1023, 1027 (10th Cir. 1994)(quoting Freeman v. Continental Gin Co., 381 F. 2d 459, 469 (5th Cir. 1967)). The court considers a number of factors in deciding whether to allow amendment of a complaint, including untimeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). Because defendant only opposes plaintiffs' motion based on futility, the court will limit its analysis to that factor.

The court may deny a motion for leave to amend as futile if the proposed amendment will not withstand a motion to dismiss or otherwise fails to state a claim. Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992). In considering a motion to dismiss for failure to state a claim, the court should assume all *facts* alleged in the complaint are true and should indulge all reasonable inferences in favor of the plaintiff. Weatherhead v. Globe International, Inc., 832 F.2d 1226, 1228 (10th Cir. 1987). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110. (10th Cir. 1991). The application of these standards to the specific amendments proposed are discussed in greater detail below.

**1. Breach of Contract**

Plaintiffs seek leave to amend their complaint to add a breach of contract claim

containing the following language:

**THIRD CLAIM FOR RELIEF: SUNBEAM**
**(Breach of Contract)**

> 92. Plaintiffs incorporate by reference those allegations as contained in paragraphs 1 through 91 above.
>
> 93. The conduct of Sunbeam as described above constitutes a breach of the contract between Sunbeam and its distribution agent(s) of the blanket that caused this fire on January 25, 2004, of which contract Plaintiffs are intended third-party beneficiaries and therefore entitled to invoke all contractual remedies and rights.
>
> 94. The conduct of Sunbeam as described above constitutes a breach of the contract between Sunbeam and Plaintiffs as ultimate intended users of the blanket that caused this fire on January 25, 2004.
>
> 95. Sunbeam's breach of its contractual duties directly, proximately and foreseeably caused Plaintiffs' consequential and pecuniary damages as described elsewhere in this complaint, with associated loss of use of money devoted to restore, repair, and replace their lost and damaged property, and other incurred costs, for which Plaintiffs are entitled to be compensated.
>
> 96. Plaintiffs further seek contractual punitive damages.

Defendant argues that plaintiffs fail to allege any *facts* supporting their breach of contract claim and third-party beneficiary theory. The court agrees. Aside from the conclusory allegations quoted above, the amended complaint recites no factual allegations concerning the existence of any contract between defendant and its distributors, much less factual allegations concerning any contractual provision which might give rise to a third-

party beneficiary status.[2] Although the factual allegations in plaintiffs' amended complaint (paragraphs 5-80) are extensive and support the majority of their product liability claims (e.g., strict liability, negligence), plaintiffs do not allege *any* facts concerning the existence of a contract or contract terms upon which a breach of contract action might be maintained.[3] Because plaintiffs' conclusory allegations lack *any* supporting factual averments, plaintiffs fail to state a claim for breach of contract. See, Hall v. Bellmon, 935 F.2d at 1110.[4] Accordingly, amending the complaint to add a breach of contract claim (paragraphs 92-96) would be futile.

**2. Contractual Bad Faith**

Plaintiffs' amended claim for "contractual bad faith" also fails to state a claim. Under Kansas law, "implicit in the discussion of a bad faith breach of contract action is the necessity of a contract." Wolverton v. Bullock, 35 F. Supp. 2d 1278, 1280 (D. Kan. 1998).

---

2 The court rejects plaintiffs' argument that conclusory allegations of a breach of contract claim are sufficient . A contract must exist for a breach of contract claim.

3 Paragraphs 5-80 set forth a basis for asserting negligence, misrepresentation, and failure to warn but contain no language concerning any contract, much less a breach of contract. It appears that plaintiffs have utilized a product liability complaint that is not tailored to the alleged facts and Kansas law.

4 Plaintiffs' claim for "contractual punitive damages" is also futile. Under Kansas law, plaintiffs are not permitted to recover punitive damages in an action based solely on a breach of contract theory. See, e.g., Penncro Assocs., Inc. v. Sprint Corp., 2006 WL 416227 (D. Kan. Feb. 22, 2006).

Once again, because there are no factual allegations supporting the existence of a contract, Plaintiffs fail to state a claim for contractual bad faith. Thus, amending the complaint to add a claim for "contractual bad faith" (paragraphs 97-100) would be futile.

**3. Punitive Damages**

Plaintiffs also seek leave to amend their complaint to add a claim for punitive damages.[5] In support of their punitive damage claim, plaintiffs allege that even though Sunbeam had prior knowledge that the circuitry in its blankets caused fires it failed to take appropriate corrective action. Defendant opposes the amendment, arguing that it modified the circuitry in its blankets in early 2000 and that the history of fires to which plaintiffs refer is no longer relevant. However, plaintiffs counter that the part of the circuitry that caused the earlier fires remains the same and that the prior history of fires is relevant to their claim for punitive damages.

Defendant is essentially arguing a disputed factual issue. Because the court does not resolve factual disputes when considering a motion to amend, defendant has failed to carry its burden of showing that the addition of a claim for punitive damages is a futile act. Accordingly, plaintiffs' motion to amend their complaint to add a claim for punitive damages shall be granted.

---

[5] Although the complaint is not a model of clarity, plaintiffs' request for punitive damages is based on allegations that defendant's prior knowledge and conduct rises to the level of "aggravated, malicious, willful and intentional misconduct." These allegations relate to plaintiffs' tort claims.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to amend **(Doc. 20)** is **GRANTED IN PART and DENIED IN PART.** Plaintiffs shall file and serve their amended complaint on or before **May19th, 2006.** The amended complaint shall delete plaintiffs' claims for breach of contract (paragraphs 92-96) and contractual bad faith (paragraphs 97-100).

Dated at Wichita, Kansas this 12th day of May 2006.

S/ Karen M. Humphreys

____________________________
KAREN M. HUMPHREYS
United States Magistrate Judge