**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **KEVIN AND DIANA PEKAREK,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No. 06-1026-WEB** |
| ) | |
| **SUNBEAM PRODUCTS, Inc.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's motion to strike plaintiffs' expert witness, W. T. Cronenwett, Ph. D. (Doc. 27).[1] In the alternative, defendant requests that it be given additional time to provide supplemental expert reports. As explained in greater detail below, the motion to strike shall be DENIED but defendant's alternative request for an extension of time shall be GRANTED.

**Background**

Plaintiffs' initial Rule 26(a)(2)(B) disclosure concerning Dr. Cronenwett was limited

---

[1] This is a product liability case in which plaintiffs allege that defendant manufactured and sold a defective electric blanket which caused significant fire damage to their home.

to his curriculum vitae and the following statements:

> Dr. Cronenwett will testify similar to as he has in the past in numerous Sunbeam Electric Blanket fire cases. He will testify as to the electrical function of the product and its known fire causing failure modes.
>
> Dr. Cronenwett has been deposed numerous times by Sunbeam as to those opinions. Until he sees the product remains and examines them, he will not have a specific opinion related to the product in this case.

Defendant moved to strike Dr. Cronenwett as an expert witness, arguing that plaintiffs failed to provide an expert witness report as required by Rule 26(a)(2)(B). Plaintiffs subsequently provided an expert report by Dr. Cronenwett and argued that the delay in providing his report was "substantially justified" and that defendant suffered no harm. The parties' arguments are discussed in greater detail below.

## Motion to Strike

As noted above, defendant seeks an order striking Dr. Cronenwett as a witness for failure to timely provide an expert report. Plaintiffs concede that Dr. Cronenwett's report was not timely but that the failure was "substantially justified" because plaintiffs' counsel learned of Dr. Cronenwett's expertise "a few days prior to the disclosure date."[2] This argument is not persuasive. Dr. Cronenwett has appeared as a retained expert witness for plaintiffs in product liability cases involving electrical blankets in numerous cases across the

---

[2] The original scheduling order required that plaintiffs' expert disclosures be produced by April 3, 2006. (Doc. 13, filed March 7, 2006). A revised scheduling order was entered June 1, 2006; however, the deadline for plaintiff's expert disclosures was not modified. (Doc. 37).

country. (Cronenwett's CV, Doc. 17, exhibit 4). Counsel's belated discovery of Dr. Cronenwett's expertise is not "substantial justification" for the untimely production of his report.

Plaintiffs' argument that the delay was "substantially justified" because Sunbeam had previously deposed Dr. Cronenwett in other cases is also not persuasive. Dr. Cronenwett expressly withheld any opinions concerning this particular blanket. More importantly, the blanket in this case utilized wiring that is referred to as a "Circuit 104." Dr. Cronenwett stated in a prior case concerning Sunbeam's "Circuit 100" that Sunbeam's newer Circuit 104 "essentially eliminated the fire claims and protects against all of the above described defects." Medford v. Sunbeam, Case No. 03-1018-JTM (D. Kansas) Doc. 101. Plaintiffs' vague reference to Dr. Cronenwett's prior testimony was unhelpful.

Although the court does not condone plaintiffs' belated production of Dr. Cronenwett's report, an order striking his testimony would be too harsh a remedy and for that reason the court declines to impose it. Any harm suffered by defendant will be remedied by allowing defendant an extension of time to supplement its expert reports. Accordingly, the motion to strike is DENIED.

**IT IS THEREFORE ORDERED** that defendant's motion to strike Dr. Cronenwett's expert testimony **(Doc. 27)** is **DENIED.**

**IT IS FURTHER ORDERED** that defendant is granted leave to supplement its expert reports concerning Dr. Cronenwett's belated report. Defendant's supplemental reports

shall be produced by **September 5, 2006.**[3]

    **IT IS SO ORDERED.**

Dated at Wichita, Kansas this 1st day of August 2006.

                                  S/ Karen M. Humphreys
                                  _____
                                  KAREN M. HUMPHREYS
                                  United States Magistrate Judge

---

[3] This date coincides with the deadline for rebuttal reports set forth in the revised scheduling order. (Doc. 37).